# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>RASAEI RAMA, et al.,<br><br>    Defendants. | Case No. 1:25-cv-00232-KES-SAB<br><br>ORDER SCREENING COMPLAINT AND GRANTING LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>**THIRTY-DAY DEADLINE** |

On February 21, 2025, Plaintiff Ahkeem Williams, who is proceeding *pro se* and *in forma pauperis*, filed a complaint against Rasaei Rama and Kaweah Health Mental Health. (ECF No. 1.) Following administrative filings not relevant here, on March 7, 2025, the Court granted Plaintiff's application to proceed *in forma pauperis* and but stated that "service of the complaint shall not be undertaken until the Court screens the complaint in due course and issues its screening order." (ECF No. 7.) The Court now undertakes screening of the complaint.

## I.

## SCREENING REQUIREMENT

The *in forma pauperis* statute provides that a court shall dismiss a case if, *inter alia*, the complaint is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). In determining whether a complaint fails to state a claim, a court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint need only

1  contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ."
2  Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of
3  the elements of a cause of action, supported by mere conclusory statements, do not suffice."
4  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S.
5  544, 555 (2007).

6      To survive screening, a plaintiff's claims must be facially plausible, which requires
7  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
8  for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962,
9  969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not
10 sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of
11 satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

12     Moreover, federal courts are under a duty to raise and decide issues of subject matter
13 jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R.
14 Civ. P. 12; Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court
15 determines that subject matter jurisdiction is lacking, the Court must dismiss the case. Id.; Fed.
16 R. Civ. P. 12(h)(3).

17     Leave to amend may be granted to the extent that the deficiencies of the complaint can be
18 cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

21     The Court accepts Plaintiff's allegations in his complaint as true for the purpose of this
22 *sua sponte* screening requirement under 28 U.S.C. § 1915.

23     On "May 17, [2024]," Plaintiff traveled by ambulance from Farmersville, California, to
24 Kaweah Heath Hospital for "physical and mental health." (ECF No. 1, p. 5.) Plaintiff explained
25 to Rasael Rama how "my home has been being invaded privacy invasion and I needed to talk he
26 said that I was outside of reality stuck me with a needle put me to sleep and put me on a 5150
27 hold cause I reported to him privacy invasion of home and phone." (Id. at pp. 5-6.) Plaintiff
28 states that he is entitled to relief because it was a false 5150 hold and that he was "not out of

1  reality" and that there was "no need for a needle in my arm with medication and a 5150 hold that
2  day." (Id. at p. 6.) Plaintiff states that he reached out to the U.S. Attorney's Office for the
3  Eastern District of California, but no investigation took place. (Id.)

4  On January 15, 2025, at 6:15 a.m., Plaintiff alleges that staff a Kaweah "Heath Mental
5  Health" allowed Plaintiff to be sexually harassed by another patient. (Id.) "There was a patient
6  who came [and] grab my left butt[ocks] with this right hand for like 2 seconds. But I warn staff
7  about his sex play and how other staff [subliminal] talk and call me a <u>porn faggot</u> which is
8  similar to the phone and home invasion through Sniffer apps and other that people yell through
9  my phone I've reported all my phones to your U.S. Attorney's Office." (Id.) (emphasis in
10 original). According to Plaintiff, "[i]t seems to follow me everywhere I go." (Id.)

11 Plaintiff continues, "I believe I am entitled to relief cause staff has been warn of sex play
12 plus I face sexual harassment through privacy invasion from years [and] these people follow me
13 now and yell sexual insults like <u>porn fag</u>, <u>queer fean</u>, savor tooth that a new one monkey mouth,
14 a pervert. And then that happen in [their] facility and they say symbolically under [their] breath
15 there's no phones in there." (Id. at p. 7) (emphasis in original).

16 Plaintiff seemingly raises two claims. First, Plaintiff states he was held under a false
17 5150. Second, Plaintiff states he experienced sexual harassment. In his prayer for relief,
18 Plaintiff seeks punitive damages in the sum of $500,000 and damages in the sum of $400,000.
19 (Id. at p. 8-9.)[1]

20 **III.**
21 **DISCUSSION**

22 **A.  Federal Rule of Civil Procedure 8**

23 The Court finds that Plaintiff has not identified cognizable causes of action and that his
24 allegations supporting his claims are legally conclusory. In other words, instead of explaining to
25 the Court of what happened relevant to a cause of action, Plaintiff has made unsupported and/or
26 seemingly irrelevant statements. For example, Plaintiff frames his first claim around that he was

27

28 [1] Plaintiff concludes with a discussion about another case, which the Court was unable to locate. (ECF No. 1, p. 9.)

3

placed under a false 5150 hold. However, Plaintiff has not included facts that demonstrate that there was in fact a false 5150 hold nor identified a cause of action or legal theory that would allow him to seek relief in federal court because of a false hold. Even giving Plaintiff every reasonable inference, the Court is unable to construe a claim.

Plaintiff centers his second claim around sexual harassment. While Plaintiff claims he faced sexual harassment, he has not alleged that either defendant did any offending behavior; in fact, Plaintiff alleges that only other patients harassed him. Significantly, and again, Plaintiff has not identified a cognizable cause of action or legal theory that would allow him to seek relief in the federal courts with these facts. Again, the Court is unable to even construe a claim.

To be sure, Plaintiff has listed the Sixth Amendment as a potential basis for his claims. However, the Court finds that Plaintiff has failed to state a claim under any potential theory implicating that Amendment. For Plaintiff's benefit, the Court quotes the Sixth Amendment below:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

U.S. Const. Amend. VI.

While Federal Rule of Civil Procedure 8(a) requires that Plaintiff need only provide a short and plain statement of the claim, the claims nevertheless need to be facially plausible. The Court finds that such adequate factual allegations are absent in the complaint to support any claim, and therefore, the complaint fails to state a claim for which relief may be provided.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed herein, Plaintiff fails to state any cognizable claims for relief and shall be granted leave to file an amended complaint to cure the deficiencies identified in this order, if he believes he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th

Cir. 2000). If Plaintiff chooses to file an amended complaint, that complaint can be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights or violations of state law. Iqbal, 556 U.S. at 678-79. Importantly, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

Finally, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015).

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send Plaintiff a complaint for civil case form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order;

3. The amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.</u>

IT IS SO ORDERED.

Dated: **March 27, 2025**

STANLEY A. BOONE
United States Magistrate Judge

5