# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>RASAEI RAMA, et al.,<br><br>    Defendants. | Case No. 1:25-cv-00232-KES-SAB<br><br>ORDER SCREENING FIRST AMENDED COMPLAINT AND GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>(ECF No. 9)<br><br>**THIRTY-DAY DEADLINE** |

On February 21, 2025, Plaintiff Ahkeem Williams, who is proceeding *pro se* and *in forma pauperis*, filed a complaint against Rasaei Rama and Kaweah Health Mental Health. (ECF No. 1.) Following administrative filings not relevant here, on March 7, 2025, the Court granted Plaintiff's application to proceed *in forma pauperis* and on March 27, 2025, screened the complaint, found it failed to state a claim, and gave Plaintiff 30 days in which to file an amended complaint. (ECF Nos. 7, 8.) Plaintiff timely filed a first amended complaint (ECF No. 9), and the Court now undertakes screening of the amended complaint.

## I.

## SCREENING REQUIREMENT

The *in forma pauperis* statute provides that a court shall dismiss a case if, *inter alia*, the complaint is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). In determining whether a complaint fails to state a claim, a court uses the

1  same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint need only
2  contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ."
3  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of
4  the elements of a cause of action, supported by mere conclusory statements, do not suffice."
5  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S.
6  544, 555 (2007).

7  To survive screening, a plaintiff's claims must be facially plausible, which requires
8  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
9  for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962,
10 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not
11 sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of
12 satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

13 Moreover, federal courts are under a duty to raise and decide issues of subject matter
14 jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking.  Fed. R.
15 Civ. P. 12; Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).  If the Court
16 determines that subject matter jurisdiction is lacking, the Court must dismiss the case.  Id.; Fed.
17 R. Civ. P. 12(h)(3).

18 Leave to amend may be granted to the extent that the deficiencies of the complaint can be
19 cured by amendment.  Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

20                                             **II.**
21                            **COMPLAINT ALLEGATIONS**

22 Plaintiff Ahkeem Williams brings this action against Defendants Rasaei Rama and
23 Kaweah Health Mental Health Hospital.  (ECF No. 9, p. 2.)  For the basis for subject matter
24 jurisdiction, Plaintiff purportedly raises a federal question jurisdiction and lists the following in
25 support: "14th Amendment; federal statutes 18 USC Ch. 109A; sexual abuse 10 U.S. Code 5920
26 – Art. 120; federal treaties 18 U.S.C. 552282(3); sexual abuse; and Violence Against Women
27 Act (VAWA) 2022; and Provision constitution 14th Amendment due process and equal
28

2

protection." (Id. at p. 4.)[1]  Plaintiff lists the amount in controversy to be "$900,000 for false 5150 hold and $500,000 malice, oppression[,] breach of duty of care." (Id. at p. 6.)

For his statement of claims, Plaintiff alleges that "on May 15, 2024, Dr. Rama didn't properly investigate the privacy invasion I told him about.  I told him I had proof on phone and I have been reporting it to the U.S. Attorney's Office Eastern District Fresno, CA.  I had stab wounds in. [sic]."  Plaintiff then attached three additional pages, which were not filed in order, of handwritten allegations which the Court will summarize citing the appropriate pages.

<u>Claim 1</u>.  Plaintiff had surgery on April 23, 2024, at Fresno Regional Medical because he had run into the street.  (Id. at p. 5.)  Beforehand, Plaintiff had run into the street because his privacy had been invaded, and he was attempting to get away from the invasion and to "be away from the home."  (Id.; see id. at p. 9.)  However, when Plaintiff ran into the streets, he ended up getting stabbed in Fresno.  (Id.)  Plaintiff "[has] a basic human awareness and a reason to be paranoid.  It worsen[s] my mental health I suffer chronic homelessness . . . ."  (Id. at p. 9.)

Plaintiff attempted to explain to Dr. Rama "my phones," but Rama refused, had nurses strap Plaintiff down, and stuck Plaintiff with a needle.  (Id. at p. 5; see id. at p. 9.)  Rama also put Plaintiff on a 5150 hold, stating that Plaintiff "was detached from reality."  (Id.)  Plaintiff notes that he had fresh wounds from a recent heart surgery on April 23, 2024.  (Id.; see id. at p. 9.)  Plaintiff states that Rama's conduct was "outrageous and harmful."  (Id. at p. 9.)  For Claim 1, Plaintiff prays for punitive, monetary damages in the amount of $900,000, specifically for a breach of the duty of care and a false 5150 hold.  (Id.; at p. 5.)  Plaintiff states that Rama committed medical malpractice and had been negligent to Plaintiff's mental and physical needs.  (Id.)

<u>Claim 2</u>.  Plaintiff alleges that he experienced sexual assault on January 15, 2025, and demands $500,000.  (Id.)  Staff had been informed about another patient's "sex play."  (Id.)  In fact, "15 minutes before the patient touch[ed] my left but[tocks] in the day room under a camera."  (Id.)  While this patient had lived on the other side of the unit, "they let him walk

---

[1] Plaintiff's penmanship is unclear at times, but the Court endeavors to give Plaintiff every reasonable inference notwithstanding.

3

around my room at might." (Id.) Plaintiff alleges that he had felt threatened, experienced emotional distress, and had been offended "as a man." (Id.) Plaintiff states that this was a violation of the 14th Amendment because "staff knew of the [mental] harm it would cause." (Id. at p. 8.) Again, despite knowing, staff failed to act to prevent sexual harassment and assault. (Id.)

Within this claim, Plaintiff shifts to his privacy being invaded again, listing a home address, IP address, and a WiFi password. (Id.) Plaintiff alleges that Kaweah Health Mental Health was negligent because it did not give him adequate security, which breached a duty of care. (Id.) Plaintiff asserts that this was oppressive and done with malice. (Id.) Plaintiff states that he now deals with sexuality issues, which causes emotional distress and this contributes to homelessness. (Id.) Moreover, when Plaintiff got into a program in Fresno, the same privacy invaders followed Plaintiff. (Id.) Plaintiff alleges that "it controls my mental [sic] and dominates my thought process. I feel threatened and isolated. Staff failed to provide a level of care that would be safe. I was offended cause I'm a straight man." (Id.)

## III.

## DISCUSSION

### A. Federal Rule of Civil Procedure 8

The Court again finds that Plaintiff has not identified cognizable causes of action and that most of his allegations supporting his claims are conclusory or illogical. In other words, instead of explaining to the Court of what happened relevant to a cause of action, Plaintiff has made unsupported and/or seemingly irrelevant statements.

For example, for his first claim, Plaintiff essentially describes that he was in a paranoid state and ran into the street "to be away from the home." There, Plaintiff was stabbed by an unidentified person, which required and led to surgery. Plaintiff tried to explain his reasoning (perhaps regarding a perceived invasion of privacy) to Dr. Rama. In any event, Dr. Rama conducted the surgery and moved to put Plaintiff of a 5150 hold.[2] Plaintiff claims that Dr.

---

[2] The Court takes judicial notice that Cal. Welf. & Inst. Code § 5150 et seq. covers the mechanism and standards in California for placing someone into involuntary treatment for 72 hours based on a mental health condition.

4

1 Rama's behavior was outrageous and harmful and prays for damages. Even giving Plaintiff
2 every reasonable inference, the Court finds that Plaintiff has not alleged a cause of action that
3 would support federal question jurisdiction.

4 Plaintiff centers his second claim around sexual harassment. Plaintiff alleges that while
5 he was at Kaweah Health Mental Health, he informed staff that there was someone who had, at
6 the very least, accusations of "sex play." That same person, 15 minutes later, touched Plaintiff's
7 buttocks, which has led to sexuality issues and causing emotional distress for Plaintiff. Plaintiff
8 explicitly relies on the 14th Amendment for this claim.

9 As relevant here, the 14th Amendment provides:

> . . . No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

13 U.S. Const. amend. XIV. Before reaching claims of due process or equal protection, the Court
14 notes that the 14th Amendment applies only to state actors. See Polanco v. Diaz, 76 F.4th 918,
15 925-26 (9th Cir. 2023). In other words, in order to state either a due process or equal protection
16 claim pursuant to the Fourteenth Amendment, "a plaintiff must allege the violation of a right
17 secured by the Constitution and laws of the United States, and must show that the alleged
18 deprivation was committed by a person acting under color of state law." Ochoa v. Public
19 Consulting Group, Inc., 48 F.4th 1102, 1107 (9th Cir. 2022), quoting West v. Atkins, 487 U.S.
20 42 (1988). Plaintiff has not identified that any of the defendants are state actors or sufficiently
21 described factual allegations that would allow for this inference. Therefore, Plaintiff's claims as
22 presently pleaded under this legal theory fail as a matter of law.

23 The Court also notes that Plaintiff cites to 18 U.S.C. Chapter 109, which is within the
24 crimes and criminal procedure of the United States Code. Ostensibly, Plaintiff has raised
25 Chapter 109 because it covers searches and seizures. However, this is a civil matter and Title 18
26 generally does not provide a civil cause of action in and of itself. Therefore, Plaintiff's reliance
27 on this statute appears to be misplaced.

28

Plaintiff's other references to statutes do not appear to be valid citations to any federal statutes. And Plaintiff simply lists "federal treaties," which is not specific enough in order for the Court to consider whether a claim lies based on a treaty. Regarding VAWA, the Court notes that these laws generally cover protections and services for individuals who have experienced domestic violence, dating violence, sexual assault, and stalking. See, e.g., 42 U.S.C. Ch. 136, Subch. III; 34 U.S.C. § 12471 et seq. Moreover, the only private cause of action relevant here was held to be unconstitutional by the Supreme Court of the United States. United States v. Morrison, 529 U.S. 598 (2000).

Finally, the Court notes multiple times, Plaintiff simply lists sexual assault. Beyond VAWA, Plaintiff has not identified a legal basis to support a federal claim for sexual assault in this civil proceeding.

Therefore, while Federal Rule of Civil Procedure 8(a) requires that Plaintiff need only provide a short and plain statement of the claim, the claims nevertheless need to be facially plausible. The Court finds that such adequate factual allegations are absent in the complaint to support any claim, and therefore, the complaint fails to state a claim for which relief may be provided.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed herein, Plaintiff fails to state any cognizable claims for relief and shall be granted leave for a **final time** to file a second amended complaint to cure the deficiencies identified in this order, if he believes he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). If Plaintiff chooses to file a second amended complaint, that complaint can be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights or violations of state law. Iqbal, 556 U.S. at 678-79. Importantly, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

Finally, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015).

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send Plaintiff a complaint for civil case form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in this order;

3. The second amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:   **May 12, 2025**

STANLEY A. BOONE
United States Magistrate Judge