1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM WILLIAMS, | Case No. 1:25-cv-00232-KES-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION |
| v. | |
| RASAEI RAMA, et al., | (ECF No. 13) |
| Defendants. | |

Plaintiff is proceeding *pro se* and *in forma pauperis* in this action.  (ECF No. 7.)  On March 27, 2025, the Court screened the initial complaint, pursuant to 28 U.S.C. § 1915, and found that it failed to state a claim for which relief could be granted.  (ECF No. 8.)  The Court explained the deficiencies in the complaint and directed Plaintiff to file an amended complaint within 30 days of receiving the Court's order.  (Id.)  On April 17, 2025, Plaintiff timely filed an amended complaint, which the Court screened and found that Plaintiff had again failed to state a claim.  (ECF No. 13.)  The Court construed that Plaintiff might be seeking to bring a claim under the Fourteenth Amendment, gave Plaintiff the applicable legal standards, and explained the pleading deficiencies.  (Id.)  The Court also admonished that "[i]f Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order."  (Id.) (emphasis in original).  The deadline for Plaintiff to file his second amended complaint has now passed, and the Court will now recommend that this matter be dismissed for failure to state a claim, failure to prosecute, as well as failure to comply with the Court's May 12, 2025 order.  (ECF No. 13.)

**I.**

**DISCUSSION**

1    To begin with, the Court incorporates here its findings and conclusions from its May 12,
2    2025 screening order, which concluded that the amended complaint failed to state a claim.  (ECF
3    No. 13.)   Accordingly, on that basis alone, this matter should be dismissed.   28 U.S.C. §
4    1915(e)(2); see Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte*
5    dismissal for failure to state a claim).

6    In addition, Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss
7    an action when a litigant fails to prosecute an action or fails to comply with a court order.  See
8    Fed. R. Civ. P. 41(b); see also Applied Underwriters v. Lichtenegger, 913 F.3d 884, 889 (9th Cir.
9    2019) (citations omitted); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689
10   (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts
11   may dismiss under Rule 41(b) sua sponte, at least under certain circumstances.").   Similarly,
12   Local Rule 110 permits courts to impose sanctions on a party who fails to comply with a court
13   order, and the procedural rules that govern this Court are to be "construed, administered and
14   employed by the court . . . to secure the just, speedy, and inexpensive determination of every
15   action and proceeding."  Fed. R. Civ. P. 1.

16   Before dismissing an action under Fed. R. Civ. P. 41, a court must consider: (1) the
17   public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3)
18   the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5)
19   the availability of less drastic sanctions.  See Applied Underwriters, 913 F.3d at 890 (noting that
20   these five factors "must be considered" before a Rule 41 involuntarily dismissal); Malone v. U.S.
21   Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (reviewing the five factors and
22   independently reviewing the record because the district court did not make finding as to each).
23   But see Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same but
24   noting the court need not make explicit findings as to each); Ferdik v. Bonzelet, 963 F.2d 1258,
25   1260-61 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not
26   amend caption to remove "et al." as the court directed and reiterating that an explicit finding of

1 each factor is not required by the district court).

2      Upon review of the above-stated factors, the Court finds dismissal of the action is

3 warranted.  The expeditious resolution of litigation is deemed to be in the public interest.

4 Yourish v. California Amplifier, 191 F.3d 983, 990-91 (9th Cir. 1999).  Turning to the second

5 factor, the Court's need to efficiently manage its docket cannot be overstated.  Given Plaintiff

6 has failed to respond to the Court's May 12, 2025 order, the Court's time is better spent on other

7 matters than needlessly consumed managing a case with a recalcitrant litigant.  Indeed, "trial

8 courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and

9 requirements of our courts."  Pagtalunan v. Galaza, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J.,

10 concurring in affirmance of district court's involuntary dismissal with prejudice of habeas

11 petition where the petitioner failed to timely respond to court order, noting "the weight of the

12 docket-managing factor depends upon the size and load of the docket, and those in the best

13 position to know what that is are our beleaguered trial judges").  Delays have the inevitable and

14 inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable

15 and can prejudice a defendant, thereby satisfying the third factor.  See Sibron v. New York, 392

16 U.S. 40, 57 (1968).  The instant dismissal is a dismissal without prejudice, which is a lesser

17 sanction than a dismissal with prejudice, thereby addressing the fifth factor.

18      In sum, this case cannot linger indefinitely on this Court's already overburdened docket.

19 A dismissal of this action for failure to prosecute and failure to comply with court orders is in

20 accord with Ninth Circuit precedent as well precedent governing Rule 41 dismissals.  It appears

21 Plaintiff has abandoned this action, and Plaintiff's failure to respond to the Court's order

22 warrants the sanction of dismissal without prejudice under the circumstances.[1]

23 ///

24 ///

25

---

26 [1] On May 21, 2025, the Court's May 12, 2025 order was returned as mail undeliverable.  Local Rule 183(b) requires litigants appearing *pro se* to keep the Court and opposing parties advised on his or her current address.  If mail is

27 returned to the Court as undeliverable, and if such plaintiff fails to notify the Court and opposing parties within 30 days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

28 L.R. 183(b).  The time for Plaintiff to file a change of address has passed.  The Court notes this as an additional factor that warrants dismissal.

1

**II.**

2

**ORDER AND RECOMMENDATIONS**

3      Accordingly, it HEREBY RECOMMENDED that this case be dismissed without

4  prejudice for failure to state a claim, failure to prosecute this action, and/or failure to comply

5  with the Court's order, pursuant to Fed. R. Civ. P. 41 and Local Rule 110.

6      These Findings and Recommendations will be submitted to the United States District

7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen**

8  **(14) days** after being served with these Findings and Recommendations, Plaintiff may file

9  written objections with the Court, limited to 15 pages in length, including exhibits.  The

10 document should be captioned "Objections to Magistrate Judge's Findings and

11 Recommendations."  Plaintiff is advised that failure to file objections within the specified time

12 may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th

13 Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

14

15 IT IS SO ORDERED.

16 Dated:   **June 17, 2025**

STANLEY A. BOONE
United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28